**Evariste MURANGWA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71615.**

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted Jan. 22, 2009.*

Filed Feb. 2, 2009.

Carol L. Edward, Esq., Law Offices of Carol L. Edward & Assoc., P.S., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, IDB–District Counsel, Office of the Deputy Chief Counsel, Department of Homeland Security, Helena, MT, David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, TALLMAN and M. SMITH, Circuit Judges.

## MEMORANDUM **

Evariste Murangwa petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Murangwa's application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Because the parties are familiar with the factual and procedural history of the case, we do not repeat it here.[1]

We review the BIA's decision to determine if it is supported by substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This standard of review "is extremely deferential: 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (quoting 8 U.S.C. § 1252(b)(4)(B)).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Like the BIA, we assume that Murangwa's testimony before the IJ was credible. Accordingly, we do not address Murangwa's argument as it relates to the propriety of the IJ's adverse credibility determination and the BIA's adjudication of his appeal without reviewing this credibility determination.

## I

Murangwa argues that the evidence of the past persecution suffered by his family members compels the conclusion that he suffered past persecution and that he is eligible for a humanitarian grant of asylum under *Matter of Chen,* 20 I. & N. Dec. 16 (BIA 1989). Murangwa also argues that the IJ and the BIA violated his due process rights by not developing a full record during the asylum hearing and by issuing a summary decision based upon an inadequate record.

Murangwa's brief to the BIA did not raise these issues. Rather, Murangwa's brief addressed his fear of *future* persecution, the IJ's adverse credibility determination and the IJ's statement that Murangwa would have "no problems" in Rwanda because of changed country conditions. Because Murangwa's claims that he suffered past persecution, is eligible for humanitarian asylum relief and was deprived of due process were not exhausted, we lack jurisdiction. 8 U.S.C. § 1252(d)(1); *see Camposeco–Montejo v. Ashcroft,* 384 F.3d 814, 821 (9th Cir.2004) (discussing exhaustion generally); *Sun v. Ashcroft,* 370 F.3d 932, 944 n. 18 (9th Cir.2004) (discussing exhaustion in the context of constitutional challenges).

## II

Murangwa argues that his family's sufferings, the warning from his sister Marie Grace and the conditions in Rwanda, both past and present, compel the conclusion that his fear of future persecution is well-founded. We disagree. The claim that individuals with whom Murangwa's father

did business may want to silence him to prevent him from reporting their criminal acts is largely speculation and does not arise from a protected ground. Moreover, the conditions in Rwanda have changed markedly since the early and mid–1990's. The new Rwandan government is Tutsi-controlled and, with the United Nations, has been actively seeking to prosecute those responsible for the 1994 genocide and related crimes. Indeed, at the time of the asylum hearing, two of Murangwa's siblings were living in Kigali with apparent safety. Thus, the evidence does not compel the conclusion that Murangwa is eligible for asylum based upon a well-founded fear of future persecution.[2]

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

**2.** Because Murangwa has not established eligibility for asylum, his claims for withholding of removal and for protection under the Convention Against Torture also fail. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000) (comparing the standards for asylum and withholding of removal); *see Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003) (discussing the standard for relief under the Convention Against Torture).